OPINION OF THE COURT
Alan J. Saks, J.
Petition denied, without costs and without prejudice.
This is a special proceeding against an insurance company under CPLR article 75 and section 675 of the Insurance Law, to confirm a no-fault arbitration award. Although no opposing papers have been submitted, it is incumbent upon the court to ascertain that timely notice of the proceeding has been given. If not, the court lacks jurisdiction to entertain it. Since no time for the bringing of this particular type of special proceeding is separately prescribed, the time required for special proceedings in general applies. That time is eight days after service. (CPLR 403, subd [b].) Unless based on an order to show cause or when there is already a pending action, the notice of petition to confirm an arbitration award must be served in the same manner as a summons in an action. (See CPLR 403, subd [c]; 7502, subd [a].)
The notice of petition herein was served in New York City by service upon a representative of the Superintendent of Insurance, as agent for service of process under *501 section 59 of the Insurance Law, on May 4, 1982, returnable May 20,1982 in this court. The Insurance Department mailed it to respondent’s general counsel in Cincinnati, by delivery to the Albany, New York, post office on Friday, May 7, 1981.
In an action, the summons must be filed with the clerk of this court within 14 days after service within the City of New York, regardless of how and upon whom it was served. (CCA, § 409, subd [a], par 1.) It is the practice in this court, however, to treat special proceedings of this character as motions, so that section 409 (subd [a], par 1) is not usually applied thereto.
As noted, the usual minimum return time for a special proceeding is eight days from service. This is in contrast to answering a summons in an action, in which case the time is 20 days from service when the summons is personally delivered to the defendant within the City of New York. However, if the summons is served in any other manner, the minimum time to answer is 30 days after proof of service is filed with the clerk.
It is thus only logical and fair to require more than eight days of notice when service of a notice of petition in a special proceeding is made under an alternative to personal service permitted by another law. Even if the court deems proof of service as having been filed nunc pro tunc as of May 4,1982, the date of delivery to the superintendent’s representative, * the minimum allowable return time should be deemed to be at least 18 not 8 days, because the Legislature clearly intended that the party responding to process have at least 10 extra days when service of process is made other than by personal delivery within the city. The need for such additional time is particularly apparent under the circumstances of this case. The notice of petition was not actually mailed from Albany to Cincinnati until May 7, a Friday. It would surely be contrary to the legislative intent, which is to allow substantial additional time to respond to process when alternative service is used, for this court to entertain this motion only 16 days after service on the Insurance Department and only 13 days after mailing *502 by the Insurance Department to respondent in Cincinnati. Allowing only five days (beyond the minimum eight days for commencement of a special proceeding) hardly gives this respondent a fair opportunity to appear. Moreover, granting the petition under these circumstances would probably trigger a motion to vacate respondent’s default and thus waste additional court resources.
The court also notes in passing that the Legislature deems five additional days for mailing to be the fair minimum even when the sender and the addressee are both within the State of New York or, indeed, within the same city therein. See chapter 20 of the Laws of 1982 extending said time from 3 to 5 days. Although this statute takes effect only on January 1, 1983, it constitutes a legislative recognition of what is common knowledge — that the mails are less reliable than they used to be.
In summary, when a special proceeding to confirm a no-fault award is commenced by notice of petition, and it is the first application to this court in the controversy, the proceeding should be made returnable at least 18 days after service on the Insurance Department, if that method of service is used.

 There is no indication on the notice of petition as to when it was filed in the Special Term clerk’s office.